UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TOMAS CRUZ-CRUZ, ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:16-CV-3250-G |
| TAHLIL MAHAMED, ET AL., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the plaintiffs' motion to remand this case to the state court from which it was previously removed (docket entry 18). For the reasons stated below, the motion is granted.

I. BACKGROUND

This case arises out of a car accident involving an eighteen-wheeler that occurred on November 30, 2015, on Interstate Highway 35 near Waco, Texas, injuring the plaintiffs, Tomas Cruz-Cruz, Rosita Barron-Hernandez, and Cecilia Barron. Defendants' Notice of Removal ("Notice") ¶ 1 (docket entry 1); Plaintiffs' Original Petition and Request for Disclosure ("Original Petition") at 2 (docket entry

1-2). On October 10, 2016, the plaintiffs commenced this action in the 193rd Judicial District Court of Dallas County, Texas, against the truck driver, Tahlil Mahamed ("Mahamed"), and the trucking company, P.A.M. Transport, Inc. ("P.A.M."). Original Petition at 1-3.

On November 18, 2016, the defendants removed the action to this court based on diversity jurisdiction. Notice ¶¶ 5-6. The plaintiffs are citizens of Texas. *Id.* ¶ 3. P.A.M. is an Arkansas corporation with its principal place of business in Arkansas. *Id.* Mahamed is a citizen of Michigan. *Id.*

On December 13, 2016, the plaintiffs filed a motion for leave to file a first amended complaint and join Ray Louis Ebarb ("Ebarb") and Higdon Construction, Inc. ("Higdon") as defendants. Plaintiffs' Motion for Leave to File a First Amended Complaint (docket entry 12). On December 14, 2016, the court granted the plaintiffs' motion. Order Granting Plaintiffs' Motion for Leave to File a First Amended Complaint (docket entry 13).

On December 14, 2016, the plaintiffs filed a first amended complaint. Plaintiffs' Amended Complaint ("Amended Complaint") (docket entry 14). In their amended complaint, the plaintiffs added Ebarb and Higdon as defendants. *Id.* at 1. Both Ebard and Higdon are citizens of Texas. *Id.*

The plaintiffs filed this motion to remand on December 15, 2016, contending that the court lacks jurisdiction because there is not complete diversity of citizenship

between the parties. Plaintiffs' Motion to Remand ("Motion") (docket entry 18). The defendants did not respond to the motion.

## II. ANALYSIS

### A. Legal Standard

28 U.S.C. § 1441(a) permits the removal of "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The statute allows a defendant to "remove a state court action to federal court only if the action could have originally been filed in federal court." *Anderson v. American Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir. 1993). However, the removal statute must be strictly construed because "removal jurisdiction raises significant federalism concerns." *Willy v. Coastal Corporation*, 855 F.2d 1160, 1164 (5th Cir. 1988); see also *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). Therefore, "any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court." *Cross v. Bankers Multiple Line Insurance Company*, 810 F. Supp. 748, 750 (N.D. Tex. 1992) (Means, J.); see also *Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S. 100, 108-09 (1941). The party seeking removal bears the burden of establishing federal jurisdiction. *Willy*, 855 F.2d at 1164.

There are two principal bases upon which a district court may exercise removal jurisdiction: the existence of a federal question, *see* 28 U.S.C. § 1331, and complete

diversity of citizenship among the parties. *See* 28 U.S.C. § 1332. Here, the removing defendants have alleged only diversity of citizenship as a basis for this court's jurisdiction. *See* Notice ¶¶ 5-6. The court can properly exercise jurisdiction on the basis of diversity of citizenship after removal only if three requirements are met: (1) the parties are of completely diverse citizenship, *see* 28 U.S.C. § 1332(a); (2) none of the properly joined defendants is a citizen of the state in which the case is brought, *see* 28 U.S.C. § 1441(b); and (3) the case involves an amount in controversy of more than $75,000, *see* 28 U.S.C. § 1332(a).

B. <u>Application</u>

Here, the plaintiffs are citizens of Texas and the defendants Ebarb and Higdon are also citizens of Texas. Amended Complaint at 1; Notice ¶ 3. Thus, there is not complete diversity between the parties. *See* 28 U.S.C. § 1332(a). Furthermore, any contention that joinder of Ebarb and Higdon was improper should have been raised before the court granted the plaintiffs leave to amend their complaint on December 14, 2016. See *Borden v. Allstate Insurance Company*, 589 F.3d 168, 171 (5th Cir. 2009) ("[A] diverse defendant can argue that a *post*-removal joinder is improper *before* the court grants the plaintiff leave to amend. Thus, once a court permits post-removal joinder of a non-diverse defendant, the fraudulent joinder doctrine is not thereafter available.") (emphasis in original). Therefore, the court lacks subject matter jurisdiction over this case.

### III. CONCLUSION

For the reasons stated above, the plaintiffs' motion to remand is **GRANTED**. This case is **REMANDED** to the **193rd Judicial District Court of Dallas County, Texas**. The clerk shall mail a certified copy of this order to the district clerk of Dallas County, Texas. 28 U.S.C. § 1447(c).

**SO ORDERED**.

January 11, 2017.

_____
**A. JOE FISH**
**Senior United States District Judge**